UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:10-CV-2

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br> )<br>        Plaintiff, )<br> )<br>v. )<br> )<br>THOMAS M. FLYNN, )<br> )<br>        Defendant. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion for Entry of Default (Doc. 4) filed April 6, 2010; and Plaintiff's Motion for Summary Judgment (Doc. 5) filed April 7, 2010. Defendant was properly served and this matter is now ripe for disposition.

## I. BACKGROUND

On or about June 11, 1998, Defendant executed a promissory note to secure a loan in the amount of $10,500.00 from the United States Department of Education. The loan proceeds were disbursed to or on behalf of Defendant on or about August 14, 1998 through January 3, 1999. Defendant defaulted on his obligation to repay his loan on or about April 24, 2001. Pursuant to 34 C.F.R. §685.202(b) a total of $1,136.18 in unpaid interest was capitalized and added to the principal balance. Defendant is indebted to Plaintiff in the principal amount of $11,636.18 plus interest on this principal computed at the applicable note rate. Demand was made upon Defendant for the amount owed but the amount remains unpaid.

On or about July 21,1999, Defendant executed a second promissory note to secure a loan from the United States Department of Education. The loan proceeds were disbursed to or on behalf of Defendant in the amounts of $1,081.00 and $3,844.00 on or about August 18, 1999. Defendant

defaulted on his obligation to repay his loan on or about April 24, 2001. Pursuant to 34 C.F.R. §685.202(b) a total of $203.52 in unpaid interest was capitalized and added to the principal balance. Defendant is indebted to Plaintiff on this second loan in the principal amount of $5,128.52 plus interest on this principal computed at the applicable note rate. Demand has been made upon Defendant by Plaintiff for the amount owed but the amount remains unpaid.

Plaintiff's Complaint (Doc. 1) asks this Court to enter judgment against Defendant for the total amount of $17,245.99 on the first loan and $7,614.18 on the second loan, plus interest from the time of filing of Plaintiff's Complaint until the date of Judgment, plus the costs of this action.

On April 5, 2010, Defendant filed an Answer (Doc. 3) wherein he acknowledged that he "always intendent [sic] to pay back my student loans." The answer does not deny any of the allegations of the complaint.

## II. LEGAL STANDARD

A default judgment is available under Federal Rule of Civil Procedure 55 "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." Fed. R. Civ. P. 55(a); *Home Port Rentals, Inc. v. Ruben*, 957 F.2d 126, 133 (4th Cir. 1992).

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although the Court is required to view the evidence in the light most favorable to the non-moving party, *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962), "a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denial of his pleading, but must set forth specific

facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

### III. ANALYSIS

By admitting that he intended to pay the student loans back and by failing to deny any of the allegations in the Complaint, Defendant has "failed to . . . otherwise defend" this action under Rule 55(a) of the Federal Rules of Civil Procedure. Plaintiff now moves for entry of default. The effect of failing to deny the allegations of the Complaint is that all allegations, other than the amount of damages, are deemed admitted by failure to deny. Fed. R. Civ. P. 8(b)(6). Because Defendant has failed to otherwise defend the allegations in the Complaint, entry of Default against Defendant is therefore appropriate.

Regarding summary judgment, Defendant has acknowledged in his Answer that he always intended to pay back the student loans. As the Answer did not deny any of the allegations of the Complaint, each allegation in the Complaint other than the amount of damages is deemed admitted. Fed. R. Civ. P. 8(b)(6).

Defendant's answer does not contest the amount he owes Plaintiff. Thus, the amount of damages in the current case is established by the Certificates of Indebtedness filed by Plaintiff. The certifications establish that the Defendant owes $17,245.99 on the first loan and $7,614.18 on the second loan, plus interest from the filing of the complaint to the date of judgment. Accordingly, there are no genuine issues of material fact. Further, the pleadings and admissions on file establish that Plaintiff is entitled to judgment as a matter of law. Summary judgment is therefore appropriate.

## IV. CONCLUSION

**THEREFORE, IT IS HEREBY ORDERED** that:

(1) Plaintiff's Motion for Entry of Default (Doc. 4) is **GRANTED.**

(2) Plaintiff's Motion for Summary Judgment (Doc. 5) is **GRANTED.**

Signed: June 2, 2011

Richard L. Voorhees
United States District Judge